# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISA NICHOLS, | No. 1:15-CV-03080-MKD |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY |
| vs. | JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| CAROLYN W. COLVIN, | |
| Acting Commissioner of Social Security, | ECF Nos. 15, 21 |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 15, 21. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion (ECF No. 15) and grants Defendant's motion (ECF No. 21).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

1

**JURISDICTION**

2

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

3

**STANDARD OF REVIEW**

4

A district court's review of a final decision of the Commissioner of Social

5

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g)

6

is limited; the Commissioner's decision will be disturbed "only if it is not

7

supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698

8

F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence

9

that a reasonable mind might accept as adequate to support a conclusion."  *Id.* at

10

1159 (quotation and citation omitted).  Stated differently, substantial evidence

11

equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.*

12

(quotation and citation omitted).  In determining whether the standard has been

13

satisfied, a reviewing court must consider the entire record as a whole rather than

14

searching for supporting evidence in isolation.  *Id.*

15

In reviewing a denial of benefits, a district court may not substitute its

16

judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

17

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than

18

one rational interpretation, [the court] must uphold the ALJ's findings if they are

19

supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
2

F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

ALJ's decision on account of an error that is harmless."  *Id.*  An error is harmless

"where it is inconsequential to the [ALJ's] ultimate nondisability determination."

*Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's

decision generally bears the burden of establishing that it was harmed.  *Shineski v.*

*Sanders*, 556 U.S. 396, 409-410 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

"of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy."  42 U.S.C. §

1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
3

416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's

work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not

disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

"any impairment or combination of impairments which significantly limits [his or

her] physical or mental ability to do basic work activities," the analysis proceeds

to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not

satisfy this severity threshold, however, the Commissioner must find that the

claimant is not disabled.  20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to

severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §

416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and

award benefits.  20 C.F.R. § 416.920(d).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
4

1    If the severity of the claimant's impairment does not meet or exceed the

2    severity of the enumerated impairments, the Commissioner must pause to assess

3    the claimant's "residual functional capacity."  Residual functional capacity (RFC),

4    defined generally as the claimant's ability to perform physical and mental work

5    activities on a sustained basis despite his or her limitations, 20 C.F.R. §

6    416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

7    At step four, the Commissioner considers whether, in view of the claimant's

8    RFC, the claimant is capable of performing work that he or she has performed in

9    the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

10    capable of performing past relevant work, the Commissioner must find that the

11    claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

12    performing such work, the analysis proceeds to step five.

13    At step five, the Commissioner considers whether, in view of the claimant's

14    RFC, the claimant is capable of performing other work in the national economy.

15    20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

16    must also consider vocational factors such as the claimant's age, education and

17    past work experience.  20 C.F.R. § 416.920(a)(4)(v).  If the claimant is capable of

18    adjusting to other work, the Commissioner must find that the claimant is not

19    disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to

20    ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
5

other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.920(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff submitted her fourth application for Title XVI Supplemental Security Income (SSI) on March 16, 2012, alleging onset beginning December 1, 2010.  Tr. 19, 44.  The application was denied initially, Tr. 87-98, and upon reconsideration, Tr. 99-111.  Plaintiff appeared for a hearing before an administrative law judge (ALJ) on August 14, 2013.  Tr. 37-53.  On September 12, 2013, the ALJ denied Plaintiff's claim.  Tr. 19-32.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 16, 2012.  Tr. 21.  At step two, the ALJ found Plaintiff suffers from the following severe impairments: posttraumatic stress disorder and bipolar disorder.  Tr. 21.  At step three, the ALJ found that Plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

does not have an impairment or combination of impairments that meets or medically equals a listed impairment.  Tr. 22.  The ALJ then concluded that the Plaintiff has the RFC to perform a full range of work at all exertional levels with additional limitations.  Tr. 23-30.  At step four, the ALJ found Plaintiff could not perform any past relevant work.  Tr. 30.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs in significant numbers in the national economy that Plaintiff could perform, such as inspector hand packager, garment folder, and sorter.  Tr. 31.  On that basis, the ALJ concluded that Plaintiff is not disabled as defined in the Social Security Act. Tr. 31.

On March 27, 2015, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her SSI under Title XVI of the Social Security Act.  ECF No. 15.  Plaintiff raises the following issues for this Court's review:

1.  Whether the ALJ properly discredited Plaintiff's symptom claims; and

2.  Whether the ALJ properly weighed the medical opinion evidence.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

**DISCUSSION**

**A. Adverse Credibility Finding**

Plaintiff faults the ALJ for failing to provide specific findings with clear and convincing reasons for discrediting her symptom claims.  ECF No. 15 at 20-31.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).  "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).[1]

-----------------------

[1] Defendant argues that this court should apply a more deferential "substantial evidence" standard of review to the ALJ's credibility findings. ECF No. 21 at 3 n.1. The Court declines to apply this lesser standard. The Ninth Circuit reaffirmed that "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so;" and further noted that "[t]he government's suggestion that we should apply a lesser standard than 'clear and convincing' lacks any support in precedent and must be rejected." *Garrison*, 759 F.3d at 1015 n.18; *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition.  *Thomas*, 278 F.3d at 958-59.

This Court finds the ALJ provided specific, clear, and convincing reasons for finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms "are not entirely credible."  Tr. 24-26.

1.    *Lack of Objective Medical Evidence*

The ALJ found Plaintiff's treatment record was inconsistent with Plaintiff's symptom claims and showed Plaintiff was not as limited as she alleged.  Tr. 24. As the ALJ noted, while Plaintiff endorsed depressive symptoms and reported contemplating suicide, Plaintiff's medical records show her depression was moderate at worst, not debilitating and, possibly exaggerated to obtain narcotics. Tr. 24-26, 262-263, 320, 811.

Enid Griffin, Psy.D, and Alysa Ruddell, Ph.D., evaluated Plaintiff for the Department of Social and Health Services (DSHS) and found that Plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

suffered from depression.  Tr. 25 (citing Tr. 324, 317).  But that depression was not so debilitating as to recommend SSI benefits.  Tr. 320.

As an initial matter, the ALJ noted that when Plaintiff presented with suicidal ideation, it was tied to an attempt to obtain prescription medication.  Tr. 24-26.  Before and after Dr. Griffin and Dr. Ruddell examined Plaintiff, Plaintiff went to medical providers tearful, sobbing, upset, and reported suicidal thoughts.  Tr. 24-25, 262, 811.  In the first instance, Plaintiff admitted she was upset because she was being weaned off narcotics and benzodiazepines, told staff she could hardly talk because she needed her medication, and she repeatedly visited the nurses' station to request additional medication.  Tr. 262.  After a visit from Plaintiff's ex-husband, Plaintiff's demeanor changed dramatically; she denied suicidal ideation and appeared "clean, nicely attired, freshly showered . . . . was pleasant, calm, cooperative, and not exhibiting any distress . . . ."  Tr. 262-63.  Noticing the change in her demeanor, hospital staff searched her room and found unauthorized narcotics.  Staff identified Plaintiff's "issues as stemming directly from her substance abuse and dependence."  Tr. 263.  Because Plaintiff did not wish to acknowledge or treat her dependence, the hospital discharged her.  Tr. 263.  In the second instance, Plaintiff threatened to kill herself if her mental health provider did not refill her benzodiazepine prescription.  Tr. 811.  She later

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

admitted she was not suicidal but, rather made the statement to get someone "to take [her] seriously and give [her] benzos." Tr. 26 (citing Tr. 811). The medical record, as the ALJ reasonably found, shows Plaintiff's depression is not as debilitating as she alleges.

In addition, the ALJ set forth how Plaintiff's treatment record was also inconsistent with the memory and concentration limitations she alleged. While Plaintiff testified that she "can't concentrate very well at all," and that she has a "horrible memory," Tr. 48, providers noted "no impairment of memory or intellectual functioning" and that her memory and concentration were "intact." Tr. 290, 318, 525, 529, 642, 715, 720, 754. In November 2010, Plaintiff could recall three out of three objects immediately and after a several-minute delay. Tr. 290. Plaintiff could spell the word "world" forwards, but had some difficulty spelling it backwards. Tr. 290. On March 7, 2011, Plaintiff could recall three words on second presentation and, in five minutes, she recalled two words and recognized the third word. Tr. 318. At the end of the mental status exam (MSE), Plaintiff recalled all of the words. Tr. 318. Plaintiff also repeated four digits forward and two digits backward, and "was able to multitask." Tr. 318. Dr. Ruddell concluded Plaintiff could remember and learn with repetition. Tr. 318. In January 2012, Dr. Griffin examined Plaintiff and found her oriented. Tr. 329. Plaintiff recalled three

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

out of three objects immediately and one out of three objects after five minutes,

recognizing the other two objects when presented with multiple-choices.  Tr. 329.

Plaintiff also correctly spelled "world" backwards and forwards.  Tr. 329.  There is

substantial evidence supporting the ALJ's conclusion that the medical record did

not corroborate the debilitating memory and concentration limitations Plaintiff

alleged.  Tr. 525, 642, 650, 754, 715 (finding no impairment of memory or

intellectual functioning and Plaintiff's memory and intellect grossly intact).

Plaintiff's treatment records are also inconsistent with the severity of

limitations Plaintiff alleges to suffer from her anxiety.  Plaintiff alleges she suffers

from episodes of panic that cause her to feel light-headed, her heart to race, and to

experience difficulty breathing and thinking.  Tr. 24, 44-45.  As described above,

Plaintiff appeared anxious when she was detained at Yakima Valley Memorial

Hospital in September 2010.  Tr. 24, 262.  But, her anxiety and depressive

symptoms subsided when she secured the medications she sought.  Tr. 263.

Plaintiff's issues were deemed to "stem[] directly from her substance abuse and

dependence."  Tr. 263.  In March 2011, Plaintiff told Dr. Ruddell her anxiety was

worsening and, as a result, she avoided grocery shopping.  Tr. 318.  But, Dr.

Ruddell noted, Plaintiff was unaccompanied that day and appeared comfortable

with her and the rest of the staff.  Tr. 318.  Assuming Plaintiff suffered from the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
13

anxiety she reported, Dr. Ruddell did not find Plaintiff's anxiety so debilitating as to preclude her from working; instead, the doctor recommended against Plaintiff filing for SSI benefits. Tr. 319. In January of 2012, Dr. Griffin examined Plaintiff. Tr. 322-330. Dr. Griffin diagnosed Plaintiff with an anxiety disorder not otherwise specified (NOS). Tr. 324. But Dr. Griffin noted that he did not observe symptoms of anxiety. Tr. 323. Instead, the only reference to any anxiety in Dr. Griffin's notes came from Plaintiff's self-reports. Tr. 328. The inconsistencies between the medical record and Plaintiff's symptom claims led the ALJ to reasonably conclude Plaintiff's limitations were not as debilitating as she alleged.

According to Plaintiff, the ALJ cherry-picked inconsistencies, which do not represent her functional abilities. As evidence, Plaintiff directs the Court's attention to "mental status examinations [that] consistently reveal abnormal findings, including flat affect, dysphoric, anxious, or depressed mood; pressured speech; impaired memory; impaired attention and concentration; disorganized thought process; and poor insight and judgment." ECF No. 15 at 25 (citing Tr. 376, 377, 379, 381, 392, 395, 408, 441-42, 465-66, 525, 650, 715).

First, the records consist almost entirely of checked boxes, not MSEs. Opinions on a check-box form or form reports which do not contain significant explanation of the basis for the conclusions may be accorded little or no weight.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

*See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Johnson v. Chater*, 87 F.3d 1015, 1018 (9th Cir. 1996).  Second, substantial portions of the cited records contradict Plaintiff's claims.  For example, some indicate Plaintiff's thought process was logical and within normal limits, Tr. 376-377, 379, 392, 408, 442, 465, 715, that her speech was within normal limits, Tr. 381, 408, 441, 465, and that her memory was intact, Tr. 525, 650, 715.  Moreover, other records Plaintiff omitted are consistent with the ALJ's findings, showing Plaintiff's appearance, thought process, thought content, memory, judgment, and insight were within normal limits.  Tr. 398, 399, 400, 404, 412, 425, 529, 642, 720, 754.  Where the evidence conflicts, it is the ALJ's duty to resolve the ambiguity.  *See Morgan v. Comm'r*, 169 F.3d 595, 599-600 (9th Cir. 1999).  The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson v. Perales*, 402 U.S. 389, 400 (1971).

An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

(9th Cir. 1989).  However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2); *see also* S.S.R. 96-7p.[2]  Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor.  *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).  Moreover, contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.  *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

Here, the ALJ reasonably found Plaintiff's symptom claims were inconsistent with the medical record and these inconsistencies diminished Plaintiff's credibility.  *Molina*, 674 F.3d at 1111 (the court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

---

[2] S.S.R. 96-7p was superseded by S.S.R. 16-3p effective March 16, 2016.  The new ruling also provides that the consistency of a claimant's statements with objective medical evidence and other evidence is a factor in evaluating a claimant's symptoms. S.S.R. 16-3p at *6. Nonetheless, S.S.R. 16-3p was not effective at the time of the ALJ's decision and therefore does not apply in this case.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

2.    *Inconsistent Statements*

The ALJ discredited Plaintiff's symptom claims because she provided inconsistent statements to medical providers at the hearing regarding both her symptoms and her substance abuse.  Tr. 24-26.

Here, the record supports the ALJ's determination that Plaintiff provided inconsistent statements to providers about her symptoms.  As described above, Plaintiff reported suicidal ideation only later to admit she was not suicidal; instead, Plaintiff admitted she made the statement to get someone to "give [her] benzos."  Tr. 811.  In two other instances, she went to a hospital complaining of suicidal ideation.  Tr. 262-263; 833-834.  In the first instance, the hospital determined Plaintiff's statement was made for the purpose of obtaining prescription medication.  Tr. 262-263.  In the other, Plaintiff reported ingesting nine Xanax pills with two shots of vodka in an attempt to take her own life, Tr. 833, but Plaintiff tested negative for any benzodiazepines like Xanax.  Tr. 829.  In both instances, Plaintiff's reports were inconsistent with her own statements and the medical evidence.

Plaintiff also made inconsistent statements about her migraines.  Plaintiff visited emergency rooms many times over the years complaining of migraines. While Plaintiff complained of migraines, she sometimes sought medication

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

unrelated to her symptoms, like muscle relaxers and also later admitted to abusing

medication for her migraines.  Tr. 515, 896.  When Plaintiff stopped abusing her

medication, Plaintiff confessed her migraines "nearly disappeared."  Tr. 709.

The record also supports the ALJ's determination that Plaintiff made

inconsistent statements about her substance abuse.  For example, Plaintiff told a

provider she never abused alcohol in her past, but the provider noted that she

previously reported being a heavy alcoholic.  Tr. 710.   The ALJ reasonably

concluded that these inconsistent reports about Plaintiff's migraines and substance

abuse lessened her credibility.  Tr. 26-27.

Plaintiff contends the ALJ's recitation of her drug overdoses is an

impermissible attempt to impugn her credibility based on her addiction.  ECF No.

15 at 22 (citing Tr. 24-25; 20 C.F.R. § 416.935).  In contrast, the ALJ discredited

Plaintiff's symptom claims because the evidence of record suggests Plaintiff gave

inconsistent information to providers about her symptoms and substance abuse.

Tr. 24-25.  In making a credibility evaluation, the ALJ may rely on ordinary

techniques of credibility evaluation.  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th

Cir. 1996).  One strong indication of the credibility of an individual's statements is

their consistency, both internally and with other information in the case record.  In

assessing credibility, it is appropriate for an ALJ to consider inconsistent

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
18

statements made by a claimant.  *See Thomas*, 278 F.3d at 958-59 (ALJ may

consider inconsistent statements); *see also Verduzco v. Apfel*, 188 F.3d 1087, 1090

(9th Cir. 1999) (permitting ALJ to consider claimant's inconsistent statements

about drug and alcohol abuse).  Moreover, an ALJ may take into account evidence

of drug-seeking behavior in assessing credibility.  *See Edlund*, 253 F.3d at 1157-

58 (evidence of drug-seeking behavior may undermine a claimant's credibility);

*Gray v. Comm'r of Soc. Sec.*, 365 Fed. App'x. 60, 63 (9th Cir. 2010) (evidence of

drug-seeking behavior is a valid reason for finding a claimant not credible); *Lewis

v. Astrue*, 238 Fed. App'x. 300, 302 (9th Cir. 2007) (inconsistency with the

medical evidence and drug-seeking behavior sufficient to discount credibility).

The ALJ's reasoning constitutes clear and convincing reasons to discredit

Plaintiff.

## B. Medical Opinion Evidence

Plaintiff faults the ALJ for discounting the opinions of examining

physicians Janis Lewis, Ph.D.; Alysa Ruddell, Ph.D.; and Enid Griffin, Psy.D.; and

not fully incorporating the opinions of state agency psychological consultants

Renee Eisenhauer, Ph.D., and Kent Reade, Ph.D. (consultants).  ECF No. 15 at 5.

There are three types of physicians: "(1) those who treat the claimant

(treating physicians); (2) those who examine but do not treat the claimant

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
19

(examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*. at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

1   by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-

2   31).

3       The opinions of Dr. Lewis, Dr. Ruddell, and Dr. Griffin were contradicted,

4   accordingly, the ALJ was required to offer specific and legitimate reasons for

5   discounting those opinions.

6       1.    *Dr. Janis Lewis*

7       In 2010, Dr. Lewis opined that Plaintiff had moderate and marked

8   limitations in certain areas of social and cognitive functioning.  Tr. 300.

9   The ALJ accorded Dr. Lewis' opinion little weight because Dr. Lewis' opinion

10  was not supported by or consistent with the evidence in the record, was

11  inconsistent with Plaintiff's daily activities, and was based on Plaintiff's self

12  reports, which the ALJ had discredited.  Tr. 28.

13      For example, Dr. Lewis opined that Plaintiff suffered moderate limitations

14  in her ability to perform routine tasks.  Tr. 300.  The ALJ noted that Dr. Lewis'

15  opinion was not supported by Plaintiff's medical record because Dr. Lewis did not

16  review that record.  Rather, Dr. Lewis based her opinion on Plaintiff's report that

17  she procrastinates.  Tr. 300.  While Dr. Lewis observed that Plaintiff's appearance

18  supports her reports, that observation was inconsistent with her notes that

19  Plaintiff's appearance was "average."  Tr. 303.  In addition, the ALJ found

20  ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
    AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
    21

Plaintiff's other daily activities contradict those reports and Dr. Lewis' opinion. Tr. 28. Specifically, the ALJ noted that Plaintiff reported being able to attend to activities of daily living and grocery shopping on a regular basis with a friend. Tr. 28 (citing Tr. 300). These activities, the ALJ concluded, show the Plaintiff is not as limited as Dr. Lewis opined. Tr. 28.

When weighing medical opinions, an ALJ may consider the supportability and consistency of the opinion with other evidence, including evidence of a claimant's daily activities. 20 C.F.R. §416.927(c)(3)-(4); *see also Morgan*, 169 F.3d at 601-602 (explaining that an ALJ may reject an opinion if it is inconsistent with a claimant's daily activities).

In addition to finding Plaintiff's daily activities inconsistent with Dr. Lewis' opinion, the ALJ found Dr. Lewis relied heavily on symptoms Plaintiff reported. Tr. 28. Those reports, as explained above, were discredited. Accordingly, the ALJ could properly discount any medical opinion, like Dr. Lewis', which were based largely on Plaintiff's discredited symptom claims. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (permitting an ALJ to discount the opinion of a medical source whose conclusions are based largely on discredited, subjective complaints of a claimant).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22

Plaintiff contests the ALJ's findings, contending Dr. Lewis' observations and MSE support her opinion. ECF No. 15 at 7-11. Plaintiff contends the ALJ should have credited Dr. Lewis' finding that she suffers (1) moderate limitations in her ability to perform routine tasks, (2) significant limitations in her ability to learn new tasks, and (3) some limitation in her ability respond appropriately to and tolerate the pressures and expectations of a normal work setting. ECF No. 15 at 8-9. However, the doctor's heavy reliance on Plaintiff's discredited reports qualifies as a specific and legitimate reason for discrediting Dr. Lewis' opinion. *Tonapetyan*, 242 F.3d at 1149. Plaintiff's argument would require this Court to reweigh the evidence, which it will not do. *Burch*, 400 F.3d at 679 ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Next, Plaintiff contends Dr. Lewis' MSE supports her finding that Plaintiff suffers moderate limitation in her ability to learn new tasks. ECF No. 15 at 9. Specifically, Dr. Lewis observed that she had to repeat questions to the Plaintiff. Tr. 300. Assuming the ALJ rejected this opinion, any error was harmless because the ALJ limited Plaintiff to simple, routine tasks. Tr. 23. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where it is non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23

Last, the Plaintiff contends the ALJ should have credited Dr. Lewis' opinion that Plaintiff suffered some limitations in her ability to maintain appropriate behavior in the workplace.  Dr. Lewis observed that Plaintiff was "irritable but cooperative; sighs a lot."  Tr. 300.  But Dr. Lewis did not indicate whether Plaintiff suffered any severe interference in her ability to tolerate the pressures and expectation of a normal work setting.  Tr. 300.  Thus, the ALJ did not err in omitting this limitation from Plaintiff's RFC.

2.    *Dr. Alysa Ruddell*

In May 2011, Dr. Ruddell opined that Plaintiff had moderate to marked limitations in her "cognitive and social factors."  Tr. 28.  The ALJ discounted Dr. Ruddell's opinion because it was not consistent with or supported by the evidence of the record and Dr. Ruddell relied on Plaintiff's self-reports, which the ALJ discredited.  Tr. 28.

For example, Dr. Ruddell opined that Plaintiff had a limited ability to perform routine tasks without undue supervision.  Tr. 318.  The ALJ noted that Dr. Ruddell's own examination notes were inconsistent with the opinion in that they showed that Plaintiff's attention to detail was adequate and that Plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 24

1    completed a three-step command correctly. Tr. 318.[3] Dr. Ruddell also opined that

2    Plaintiff was limited in her ability to communicate and perform effectively with

3    limited public contact. Tr. 318. The ALJ noted that upon examination, Dr.

4    Ruddell found that Plaintiff was comfortable with the examiner and the DSHS

5    staff while in the waiting area. Tr. 29 (citing Tr. 318). Accordingly, the ALJ

6    found Dr. Ruddell's examination notes inconsistent with her opinion. Tr. 29.

7    Moreover, the ALJ noted that Dr. Ruddell did not have the opportunity to review

8    Plaintiff's records, but instead, Dr. Ruddell relied heavily on the Plaintiff's

9    subjective complaints, which the ALJ had discredited. Tr. 29.

10

11    _____

12    [3] Plaintiff contends that, contrary to the ALJ's finding, Dr. Ruddell never found

13    Plaintiff could perform a three-step command correctly. ECF No. 15 at 12 (citing

14    Tr. 315-321). While Dr. Ruddell did not use the phrase "three-step task," she

15    described Plaintiff performing a three-step task: "[s]he filled out the examiners'

16    Application for Evaluation forms. The form instructions ask that the form be

17    folded and placed on the counter, which she did." Tr. 318. As instructed, Plaintiff

18    (1) completed the form, (2) folded it, and (3) placed it on the counter as instructed.

19    Thus, the ALJ reasonably concluded Plaintiff completed a three-step instruction.

20    ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
      AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
      25

1   An opinion inconsistent with the evidence of record and treatment notes

2  constitutes a specific and legitimate reason for discounting a physician's opinion.

3  *Tommassetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

4      Plaintiff challenges the ALJ's reasoning for rejecting Dr. Ruddell's other

5  assessment: that Plaintiff suffers marked limitations in her ability to maintain

6  appropriate behavior in a work place.  The ALJ's reasoning, Plaintiff contends,

7  ignores Dr. Ruddell's observations that Plaintiff has problematic eye contact,

8  problems with coworker and supervisors, and does not participate in social

9  activities.  Tr. 318.  But, with the exception of Plaintiff's eye contact, Dr. Ruddell

10  did not observe Plaintiff's problems.  Tr. 318.  Rather, Dr. Ruddell relied on

11  Plaintiff's reports which, as described above, the ALJ properly discredited.  Tr.

12  318; *Tonapetyan*, 242 F.3d at 1149 (permitting an ALJ to discount the opinion of a

13  medical source whose conclusions are based largely on discredited, subjective

14  complaints of a claimant).[4]  Plaintiff's problematic eye contact, considered in

15  _____

16  [4] Plaintiff contends Dr. Ruddell's opinion is not more heavily based on Plaintiff's

17  reports than clinical findings and observations.  But Plaintiff's problematic eye-

18  contact is the only observation Dr. Ruddell made supporting her assessment.  That

19  observation alone could not sustain the marked limitation Dr. Ruddell assessed.

20  ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
26

context with her comfort with Dr. Ruddell and office staff, does not make the ALJ's interpretation of the evidence unreasonable. This Court must uphold the ALJ's rational interpretation of the evidence. *Burch*, 400 F.3d at 679.

Last, Plaintiff contends Dr. Ruddell's opinion is supported by other treatment records. While Plaintiff cites to a variety of treatment records, Plaintiff fails to explain how those records support Dr. Ruddell's opinion. This Court reviews "only issues which are argued specifically and distinctly in a party's opening brief." *Greenwood v. Fed. Aviation Admin*., 28 F.3d 971, 977 (9th Cir. 1994).

### 3. *Dr. Enid Griffin*

Enid Griffin, Psy.D., opined that Plaintiff exhibited mild to marked limitations in her cognitive and social abilities. Tr. 323-324. Dr. Griffin believed these impairments would last twelve months or longer, but that Plaintiff could cooperate with treatment and receive vocational training or services to minimize or eliminate barriers to employment. Tr. 325.

---

Dr. Ruddell must have relied heavily on Plaintiff's self-reports to conclude she was so limited in her ability to communicate and perform effectively in a work setting.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 27

1    The ALJ afforded Dr. Griffin's opinions little weight because they were not

2    supported by or consistent with the evidence of record, including the opinions of

3    consultants, Renee Eisenhauer, Ph.D., and Kent Reade, Ph.D.  Tr. 29.  In support

4    of his finding, the ALJ compared Dr. Griffin's observations with Plaintiff's self-

5    reports.  Tr. 29.  While Plaintiff reported to Dr. Griffin that she does not shower on

6    a daily basis, Tr. 328, Dr. Griffin noted that Plaintiff's hygiene and grooming were

7    average and her dress was appropriate.  Tr. 29 (citing Tr. 328-329).  And, like the

8    other psychologists who examined Plaintiff, Dr. Griffin did not have an

9    opportunity to review Plaintiff's records, instead the ALJ found Dr. Griffin

10   heavily relied on claimant's symptom claims, which the ALJ had discredited.  Tr.

11   29.

12       Plaintiff notes that an ALJ may not discount the opinion of an examining

13   physician simply because it is inconsistent with the opinion of reviewing

14   physicians.  ECF No. 15 at 16 (citing *Morgan*, 169 F.3d at 602).  While true, the

15   ALJ offered other reasons for discounting Dr. Griffin's opinion.  For example, the

16   ALJ found the social limitations Dr. Griffin assessed inconsistent with his

17   observation that Plaintiff was appropriately dressed and groomed.  Tr. 29 (citing

18

19

20   ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
     AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
     28

Tr. 328-329).[5]  The ALJ properly discounted Plaintiff's reports, and Dr. Griffin's observations contradict his opinion.  These constitute specific and legitimate reasons for discounting the opinion of Dr. Griffin.  *Tonapetyan*, 242 F.3d at 1149 (permitting ALJ to reject opinion heavily based on Plaintiff's discredited reports); *Bayliss*, 427 F.3d at 1216 (permitting ALJ to reject physician's assessment when contradicted by own observations).

Plaintiff also contests the ALJ's rejection of the cognitive limitations Dr. Griffin assessed, contending that the limitations were consistent with her medical record.  ECF No. 15 at 16-17.  Plaintiff cites to a variety of medical records referring to her problems with concentration, insight, and judgment.  However, substantial records also exist indicating Plaintiff's memory and intellect were intact.  *See*, *e.g.*, Tr. 525, 529, 642, 650, 715, 720, 754.  Plaintiff asks this Court to reweigh the evidence.  But, "[w]here evidence is susceptible to more than one

_____

[5] Plaintiff challenges this finding too, citing other treatment records that document her difficulties with personal care.  There are just as many other records that indicate Plaintiff's hygiene and appearance were within normal limits.  Tr. 353, 365, 376, 377, 381, 384, 385, 387, 392, 395, 396, 398, 399, 400, 404, 408, 412, 425, 529.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 29

1  rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400

2  F.3d at 679.

3       4.    *State Agency Psychological Consultants*

4       Plaintiff faults the ALJ for crediting the opinions of the state-agency

5  psychological consultants' opinions, but failing to incorporate all of their

6  limitations. ECF No. 15 at 18-19. The consultants opined that Plaintiff's

7  "depression and anxiety with accompanying poor stress tolerance would interfere

8  with claimant's ability to maintain regular attendance and to persist through a

9  normal workweek." Tr. 96, 108. The ALJ accorded this and the other opinions of

10  the consultants "significant weight." Tr. 29-30. But, had the ALJ credited this

11  portion of the consultants' opinions, Plaintiff contends, the ALJ should have found

12  her disabled. ECF No. 15 at 19.

13       The Commissioner responds that while Plaintiff's symptoms may interfere

14  with her ability to maintain regular attendance, "interfere" does not mean she

15  cannot perform that activity at all. ECF No. 21 at 8. Despite the interference, the

16  Commissioner notes that the consultants concluded Plaintiff's "impairments are

17  not so severe that they would prevent claimant from being able to sustain more

18  than one or two step instructions in a reasonably consistent manner." Tr. 96, 108.

19  This language suggests the consultants limited their opinion of Plaintiff's ability to

20  ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
   AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
   30

persist through a normal workweek, finding she could persist if limited to simple, routine tasks with instructions.  Tr. 96, 108.  This is consistent with the ALJ's RFC determination.  Tr. 23.

This reading of the consultants' opinion is bolstered by the context in which they gave their opinions.  The form the consultants completed notified them that their response to the questions would "help determine the individual's ability to perform sustained work activities."  Tr. 95, 107.  Therefore, when the consultants opined that Plaintiff could sustain more than one or two-step instructions in a reasonably consistent manner, the ALJ reasonably assumed they meant Plaintiff could do it for a workday and a workweek.

The ALJ provided specific and legitimate reasons for affording little weight to these medical opinions.

## CONCLUSION

The ALJ's decision is supported by substantial evidence and free of legal error.

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED.**

2.   Defendant's Motion for Summary Judgment (ECF No. 21) is **GRANTED**.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 31

1    The District Court Executive is directed to file this Order, enter

2  **JUDGMENT FOR THE DEFENDANT,** provide copies to counsel, and **CLOSE**

3  the file.

4      DATED this Monday, June 27, 2016.

5                    *s/ Mary K. Dimke*
                    MARY K. DIMKE
6          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20  ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
    AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
    32